CURTIS R. SMITH
Idaho State Bar No. 4798
The Law Offices of
SMITH WOOLF ANDERSON
& WILKINSON, PLLC
3480 Merlin Drive
Idaho Falls, Idaho 83404
Telephone: (208) 525-8792
Facsimile: (208) 525-5266
curtis@eastidaholaw.net

Attorneys for Defendant, Caleb Sickinger.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| UNITED STATES OF AMERICA, | Case No. 4:25-CR-00015-DCN |
|---|---|
| Plaintiff, | **OBJECTION TO THE PRESENTENCE INVESTIGATION REPORT** |
| vs. | |
| CALEB SICKINGER, | |
| Defendant. | |

## I. GENERAL OBJECTIONS

As the Court and Counsel are well aware, on January 12, 2005, the United States Supreme Court handed down its decision in the consolidated cases of *United States v. Booker*[1] and *United States v. Fanfan*, 125 S. Ct. 738 (2005)[2]. The *Booker/Fanfan* decision marks the culmination of a sentencing revolution in the federal courts. The Court held that the Federal Sentencing Guidelines were unconstitutional because they permit sentencing judges to make factual findings which increase a

---

[1] U.S. v. Booker
[2] U.S. v. Fanfan 2005

defendant's sentence. *Id.* Specifically, the Court ruled that the Sixth Amendment was violated by the imposition of an enhanced sentence based on a sentencing judge's determination of a fact that was not found by a jury or admitted by the defendant. *Id.* at 756. The Court also stated that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be either admitted by the defendant or proved to a jury beyond a reasonable doubt." *Id.*

The Presentence Investigation Report in this case is remarkable for its failure to acknowledge *Booker/Fanfan* and subsequent case law. Factual determinations that impact sentencing may not be made on the basis of a prepared, presentence report.

In the post-*Booker* era, sentencing courts are to impose a sentence that "is sufficient but not greater than necessary" to achieve the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2). In determining the sentence minimally sufficient to satisfy the purposes of sentencing set forth in §3553(a)(2)[3], courts must consider several factors enumerated by statute. The statutory factors are (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the kinds of sentence available; (3) the guideline and policy statements issued by the Sentencing Commission, including the now advisory guideline range; (4) the need to avoid unwarranted sentencing disparity; and (5) the need to provide restitution where applicable. 18 U.S.C. § 3553 (a)(1), (3), (5)-(7). Although the Sentencing Guidelines remain relevant to sentencing decisions inasmuch as courts are to consider the applicable guideline range, a sentencing court is no longer bound to blindly follow the guidelines and courts must assure procedural fairness in making decisions that impact sentencing.

---

3 United States Code § 3553

Procedural fairness and basic due process require that a court's sentencing decision be based on reliable information. "[A] court cannot sentence a defendant above a reasonable point within a sentencing range without affording procedural protections under the Fifth and Sixth Amendments." *United States v. Huerta-Rodriguez*, 355 F.Supp.2d 1019, 1025 (D. Neb. 2005). No factual allegation should be considered at sentencing that was not properly pled in an Indictment and either admitted or proved to the jury beyond a reasonable doubt. *Id*. Furthermore, due process and *ex post facto* principles forbid any sentence greater than the guideline range as that range is calculated on the basis of facts either admitted or proved to the jury beyond a reasonable doubt. *Rogers v. Tennessee*, 532 U.S. 451, 456-57 (2001).

The deference that sentencing courts should pay to the advisory guidelines is an open question. However, what is not open to debate is the rule that:

> [t]he guidelines are not binding, and courts need not justify a sentence outside of them by citing factors that take the case outside the 'heartland.' Rather, courts are free to disagree, in individual cases and in the exercise of discretion, with the actual range proposed by the guidelines, so long as the ultimate sentence is reasonable and carefully supported by reasons tied to the § 3553(a) factors.

*United States v. Ranum*, 353 F.Supp. 2d 984, 987 (E.D. Wis., 2005). Counsel for Defendant makes our specific objections on behalf of the Defendant to the probation department's calculations of the guidelines with the case law introduction above in mind.

## II. INFORMATION

The Defendant completed a *Psychosexual Evaluation* with Dr. Robert Lisota., on May 14 and May 22, 2025, as required in the parties *Plea Agreement*. We believe this information supports a downward variance along with other information detailed in the Presentence Investigation Report [4] ("PSR"). Specifically, the Psychosexual Evaluation done by Dr. Lisota determined that the

---

4 Presentence Investigation Report.

Defendant is "a low risk for recidivism." [5]. Based on these circumstances of the Psychosexual Evaluation Report and other factors, the Defendant will be seeking a sentence below the guideline range.

### III. SPECIFIC OBJECTIONS

**A.** The Defendant objects to certain portions of paragraph 4, on page 3 of the PSR. Defendant agrees he has been compliant with his location monitoring restrictions and all other pretrial release conditions. The Defendant also acknowledges he was dismissed from his employment, but objects to the stated reason/rationale for the dismissal. Defendant was informed by his employer that a single co-worker was uncomfortable with Defendants employment after reading about Defendants case in the press. This same co-worker made a false allegation that Defendant was masturbating while looking at a phone. This allegation is false and unsubstantiated. As pointed out in the PSR, there was no independent support for the allegation. Defendant believes this information should be stricken from the report.

**B.** The Defendant objects to paragraph 5, on page 4 of the PSR. The allegation in this paragraph is inaccurate. Defendant was already in the store when the victim came into the same store. The Defendant immediately left the store and had absolutely no contact, communication or any other encounter with the victim. The Defendant's actions were appropriate in every way having been placed in this difficult situation.

**C.** The Defendant objects to paragraph 81, on page 21 of the PSR[6], which suggests that the offence level be increased by two (2) levels based on "the defendant knowing engaged in the distribution of CSAM." The Defendant finds this enhancement to be very similar to Section 2G2.2(b)(6) which increases the guidelines for the use of a computer. Traditionally, the Court does

---

5 Psychosexual Evaluation – Dr. Robert Lisota
6 Presentence Investigation Report, par 81, pg. 21

OBJECTION TO THE PRESENTENCE INVESTIGATION REPORT - 4

not enhance the base guidelines for the use of a computer.

Defendant argues that the recommended two (2) point enhancement under 2G2.1(b)(3) should be treated the same as 2G2.1(b)(6) in other cases. The base guidelines are already a significant penalty and the two (2) point enhancement does not reach a fair result under these circumstances. **If the Court were to grant the two (2) point enhancement, it would seem to be unduly harsh and run contrary to the goals of U.S.C. 18§ 3553(a).**

### DEFENDANT SEEKING VARIENCE UNDER 18 USC 3553(a).

Defendant is seeking a variance under 18 USC. 3553(a)[7] and has given prior notice to the U.S. Attorney's office of the same. Defendant seeks a variance based upon specific circumstances to be argued at the time of sentencing, as well as the issues raised in the PSR, in paragraph 168, on page 37 of the PSR. Defendant is also requesting the Court rely on information presented in the *Psychosexual Evaluation* which Defendant believes supports a downward departure or variance under the guidelines.

### IV.   CONCLUSION

Based upon the information provided to the Court, the Defendant respectfully request the Court consider the arguments made in these objections and give a reasonable sentence based upon the facts of the case and the character of the Defendant. The Defendant requests any and all possible departures applicable under Defendants circumstances to obtain the goal of U.S.C. 18 § 3553(a).

DATED this 17th day of July 2025.

SMITH WOOLF ANDERSON & WILKINSON, PLLC.

_____
CURTIS R. SMITH
Attorney for Defendant

---

[7] United States Code §18-3553(a)

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was on this date served upon the persons named below by the method indicated below.

| | |
|---|---|
| Jack Haycock, <br> Justin Paskett <br> U.S. ATTORNEY'S OFFICE <br> 801 E. Sherman Avenue <br> Pocatello, ID 83201 <br> Email: Jack.Haycock@usdoj.gov <br>         Justin.Paskett@usdoj.gov | [√] Electronic Filing Service |

DATED: July 17, 2025.

_____
Curtis R. Smith