JUSTIN D. WHATCOTT, IDAHO STATE BAR NO. 6444
ACTING UNITED STATES ATTORNEY
JUSTIN K PASKETT, IDAHO STATE BAR NO. 9066
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
801 E. SHERMAN AVE SUITE 192
POCATELLO, ID 83201
TELEPHONE: (208) 478-4166

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| UNITED STATES OF AMERICA, | Case No. 4:25-cr-15-DCN |
|---|---|
| Plaintiff, | |
| vs. | **UNITED STATES OF AMERICA'S SENTENCING MEMORANDUM** |
| CALEB SICKINGER, | |
| Defendant. | |

    The Defendant comes before the Court having pleaded guilty to the charge of Receipt of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(2), (b)(1), and 2256(8)(C).

    The Government recommends that the Court sentence the Defendant to a term of 108 months imprisonment, to be followed by lifetime term of supervised release.

### BACKGROUND

    On April 8, 2025, the Government filed a single count information charging Defendant with receipt of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2), (b)(1), and 2256(8)(C). That same day Defendant entered a plea of guilty to the information pursuant to a plea agreement.

**UNITED STATES OF AMERICA'S SENTENCING MEMORANDUM - 1**

The charge arose from a Federal Bureau of Investigation (FBI) case beginning in November of 2023. Over the course of the investigation—as detailed in both the Pre-Sentence Investigation Report (PSR) and Plea Agreement—FBI agents uncovered substantial evidence, which included Defendant's confession, that during online communications with an individual named Justin Lindstrom, Defendant falsely assumed the identity of an actual person, informed Lindstrom as that person that he was engaging in the sexual abuse of children, and created —or commissioned the creation of—photo edited child pornography of an actual child, and distributed it to Lindstrom. Defendant was a law enforcement officer during the commission of the crime and engaged in the criminal activity while on duty. Additionally, the person that Defendant impersonated wrongly became the target of the FBI's investigation.

## APPLICABLE SENTENCING GUIDELINES RANGE

A.  Offense Level Calculation

The Government submits that Defendant's offense level is correctly calculated at 31.

| Fact | Effect on offense level | USSG Section |
|---|---|---|
| Receipt of Child Pornography 18 U.S.C. § 2252A(a)(2) With cross reference to § 2G2.1. | 32 (base) | §§ 2G2.2(c)(1); § 2G2.1 |
| Specific Offense Characteristic (distribution) | +2 | 2G.2.2(b)(3)(b) |
| Acceptance of responsibility | -2 | 3E1.1(a) |
| Acceptance of responsibility | -1 | 3E1.1(b) |
| **TOTAL** | **31** | |

**UNITED STATES OF AMERICA'S SENTENCING MEMORANDUM - 2**

B.     Criminal History Calculation

The Government agrees that Defendant's criminal history is correctly calculated at **I.**

C.     Advisory Guideline Range

The Defendant's advisory guideline range is correctly calculated at **31 / I / 108-135** months.

## RESPONSE TO DEFENDANT'S PSR OBJECTION

**Objection to two-level enhancement for distribution of child pornography**

Defendant objects to the two-level enhancement for distribution of child pornography under U.S.S.G. § 2G2.2(b)(3). He argues that this enhancement does not apply, because it is very similar to the use of a computer enhancement. Although Defendant does not describe how it is similar and summarizes that it would be unduly harsh under the 3553(a) factors.

On the contrary, while the use of a computer is "ubiquitous" in most child pornography cases, distribution of child pornography is not. Furthermore, though Defendant has not objected to the use of a computer enhancement, it is the Government's position that this is a unique case where the Defendant's ability to produce child pornography was only possible through the use of a computer.

## SENTENCING ANALYSIS UNDER 18 U.S.C. § 3553

A.     **The Nature and Circumstances of the Offense**

   **Aggravating factors:**

   1) The Defendant was a police officer on duty while falsely assuming the identity of a real person. As a police officer, such criminal conduct harms the public trust in law enforcement.

   2) The person whose identity he assumed became the target of an FBI investigation, subject to the execution of a residential search warrant and multiple lengthy interviews.

**UNITED STATES OF AMERICA'S SENTENCING MEMORANDUM - 3**

3) The spouse of the person whose identity he assumed was questioned about the sexual infidelity and potential child abuse described in the text communications. Reasonably causing the spouse and the victim distress.

4) The child victim's parents were shown the images of child pornography involving their daughter.

5) As stated by the victim whose identity Defendant falsely assumed, "The emotional, psychological, and social toll of these events has been profound. I have suffered from severe depression, anxiety, and symptoms of post-traumatic stress. I feared losing my children, my job, my reputation, and my standing in my community. Friends, neighbors, and even strangers saw the FBI raid; some recorded it. Despite the truth now being known, I still fear that judgment and doubt may linger."

**Mitigating Factors:**

1) The Defendant ultimately confessed, sparing further harm to the victims.

B. **The History and Characteristics of the Defendant**

The Defendant is a 45-year-old who was raised in a loving home. He served a 2-year mission for the Church of Jesus Christ of Latter-day Saints. Defendant was the victim of sexual abuse by an older cousin. Defendant was recently divorced after a 22-year marriage and has three children.

Defendant has arthritis, a chronic cough and is prediabetic. The Defendant scored a low risk of re-offense.

Defendant has no adult criminal history. Defendant's employment history is primarily as a police officer.

C. **Remaining 18 U.S.C. § 3553 factors.**

Application of 18 U.S.C. § 3553 supports a sentence of 108 months followed by a lifetime of supervised release. A 108-month sentence will serve to deter to those who might consider engaging in similar criminal behavior and reflects the necessity of safeguarding the community from individuals who create a marketplace for child sexual abuse.

**UNITED STATES OF AMERICA'S SENTENCING MEMORANDUM - 4**

## **CONCLUSION**

The Government submits that a sentence of 108 months is sufficient, but not greater than necessary, to accomplish the goals of sentencing, and that a lesser sentence is not supported by application of the 18 U.S.C. § 3553(a) factors.

Respectfully submitted this 5th day of August, 2025.

                      JUSTIN D. WHATCOTT
                      ACTING UNITED STATES ATTORNEY
                      By:

                      /s/  Justin K. Paskett
                      JUSTIN K PASKETT
                      Assistant United States Attorney